SWILLING *v.* BIFFLE.

4-4307

BIFFLE *v.* PRIDDY, JUDGE.

4-4213

Opinion delivered April 20, 1936.

*Reece A. Caudle* and *J. M. Smallwood,* for appellant and respondent.

*C. C. Wait,* for appellee and petitioners.

HUMPHREYS, J.   This suit was brought by appellant in the chancery court of Pope County to review the validity of an order or judgment of the county court providing for a local option election in said county on the prohibition of the sale, barter or exchange of spirituous, vinous, or malt liquors therein, and to enjoin the officers of the county and election commissioners from proceeding with the election, on the alleged ground that the petition upon which the county court based the order or judgment was insufficient in form and substance, particularizing the defects in the petition, and the failure of 35 per cent. of the qualified voters of the county to sign it. Pleadings were filed by appellees challenging the jurisdiction of the chancery court to try the cause, and also denying the material allegations of the complaint. On the trial of the cause, the complaint was dismissed for want of equity.

This is a collateral attack upon the judgment of the county court ordering a local option election upon petition of 35 per cent. of the qualified voters of the county upon the proposition of whether or not spirituous, vinous, or malt liquors shall be sold, bartered, or loaned therein, under article 7, § 1 of act 108 of the Acts of the Legislature of 1935. The act confers jurisdiction upon the county court to receive the petition, and to make the order directing the election. Exclusive original jurisdiction is conferred upon the county court by said act,

and not upon the chancery court, to determine the sufficiency of the order, not only as to form, but also as to whether the petition is signed by 35 per cent. of the qualified voters of the county. No provision is made in the act for a review of the county court's findings or judgment by the chancery court. In this particular case, the record reflects that appellant appeared in the county court and contested the sufficiency of the petition in form and substance, and appealed from the decision against him to the circuit court where the matter is now pending for a trial *de novo*. It goes without saying that he had a right to appeal to the circuit court. Article 7, §§ 14 and 33 of the Constitution of 1874. He has a complete remedy at law by appeal and none in equity to enjoin the officers from proceeding with an election to test the sense of the qualified electors of the county as to whether spirituous, vinous, or malt liquors shall be sold, bartered, or loaned in the county.

The chancery court was without jurisdiction to pass upon the sufficiency of the petition, and its decree dismissing appellant's complaint for review must be and is affirmed.

It follows that the application in this court for a writ of prohibition to prevent A. B. Priddy, circuit judge, from trying the case on appeal must be, and is, also dismissed.